Submitted December 30, 2013, affirmed December 24, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDWARD F. KREISS,
*Defendant-Appellant.*

Douglas County Circuit Court
11CR0202MI; A149314

341 P3d 167

Peter Gartlan, Chief Defender, and Laura E. Coffin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Haselton, Chief Judge, and Schuman, Senior Judge.

HASELTON, C. J.

## HASELTON, C. J.

Defendant appeals a judgment of conviction, contending that the trial court erroneously awarded restitution under ORS 137.106 for amounts beyond what the victim could have recovered in a civil action.[1] Having recently rejected that contention in *State v. Ramos*, 267 Or App 164, 340 P3d 703 (2014), we affirm.

The material facts are uncontroverted. Defendant's convictions arose from an automobile accident that occurred while defendant was driving under the influence of intoxicants. That accident damaged the vehicle of the other driver, Weeldreyer. Weeldreyer's insurance company, State Farm, paid to repair the damage. Defendant's insurer partially compensated State Farm for the money it had paid to repair the vehicle. The state sought restitution for the difference between the amount State Farm and Weeldreyer had paid for repairs and the amount defendant's insurer had paid to

---

[1] ORS 137.106(1)(a) provides, in part:

"When a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court * * * evidence of the nature and amount of the damages. * * * If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court."

For purposes of that statute, "economic damages" is defined to mean

"objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services, burial and memorial expenses, loss of income and past * * * impairment of earning capacity, reasonable and necessary expenses incurred for substitute domestic services, recurring loss to an estate, damage to reputation that is economically verifiable, reasonable and necessarily incurred costs due to loss of use of property and reasonable costs incurred for repair or for replacement of damaged property, whichever is less."

ORS 31.710(2)(a); *see* ORS 137.103 (providing that, for purposes of ORS 137.106, the term "economic damages" has "the meaning given that term in ORS 31.710, except that 'economic damages' does not include future impairment of earning capacity").

We note that ORS 137.106 was amended in 2013. Or Laws 2013, ch 388, § 1. Because defendant's sentencing occurred before the effective date of those amendments, they are inapplicable. Or Laws 2013, ch 388, § 2. Nevertheless, because the 2013 amendments are immaterial to our analysis, we refer to the current version of the statute for convenience.

State Farm—that is, $2,333.18. At the restitution hearing, defendant posited that Weeldreyer was partially responsible for the accident. Further, defendant contended that, because the $2,333.18 that the state sought reflected the fault attributable to Weeldreyer—which would not have been recoverable in a civil action—the court could not award it as restitution under ORS 137.106. The trial court disagreed. Defendant appeals the resulting judgment.

On appeal, defendant contends that "[t]he trial court erroneously concluded that State Farm could recover restitution for what it paid its insured, rather than what it could recover in a civil action given the liability of its insured." The success of that contention is necessarily predicated on the correctness of a subsidiary premise—*viz.*, that, for purposes of ORS 137.106, "economic damages" are limited to those recoverable in a civil action.

We recently rejected that premise in *Ramos*. In *Ramos*, we held:

"To the extent that defendant contends that 'economic damages' are limited to those that would be recoverable in a civil action, we reject that argument. In 2005, the Legislative Assembly amended ORS 137.103 and ORS 137.106 to expand the scope of restitution. Under the former version of the statutes, a victim was entitled to restitution if the victim had suffered 'pecuniary damages' as a result of a defendant's criminal activities. ORS 137.106 (2003), *amended by* Or Laws 2005, ch 564, § 2. 'Pecuniary damages,' in turn, was defined as 'all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities [listing examples].' ORS 137.103 (2003), *amended by* Or Laws 2005, ch 564, § 1. After the amendments, a victim is entitled to restitution of 'economic damages,' which term—as noted above—has the broad meaning set out in ORS 31.170(2)(a): 'objectively verifiable monetary losses [listing examples].' *See also* Tape Recording, House Committee on Judiciary, HB 2230, Jan 24, 2005, Tape 137, Side A (statement of Fred Boss, Chief Counsel of the Oregon Department of Justice's Civil Enforcement Division; introducing the bill on behalf of its sponsor, the Attorney General's Restitution Reform Task Force, and explaining that the bill was intended to

replace the term 'pecuniary damages'—and specifically including the requirement that the damages would have been recoverable in a civil action—with the concept of 'economic damages')."

267 Or App at 175-76 (brackets in *Ramos*).

Our holding in *Ramos* is dispositive of defendant's appellate contentions in this case. Further, on appeal, defendant does not contend that the trial court's award of restitution was otherwise erroneous. Accordingly, we affirm.

Affirmed.